IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CROWDER, PETE BLUDWORTH and REGINALD MICHAEL,<br><br>Defendants. | CV-20-113-GF-BMM<br><br>ORDER |

Plaintiff Richard Patterson ("Patterson") is a prisoner proceeding pro se. He has filed a Complaint alleging Defendants are violating his rights by failing to abide by the prison's grievance policy and for various reasons related to his employment. (Doc. 2). The Complaint fails to state a federal claim for relief and, as such, will be dismissed.

I.      STATEMENT OF THE CASE

    A.      Parties

Patterson is a state prisoner currently incarcerated at Montana State Prison, but at the time of the events detailed in his Complaint, he was at CoreCivic Crossroads Correctional in Shelby, Montana. He is proceeding in forma pauperis and without counsel. Patterson names the following Defendants: Nancy Crowder,

1

Kitchen Supervisor for Trinity Food Group; Pete Bludworth, Warden of CoreCivic; and Reginald Michael, Director of the Montana Department of Corrections. (Doc. 2 at 2.)

### B. Allegations

Patterson alleges that Defendants violated, and conspired to violate, his due process rights under the United States Constitution, the Universal Declaration of Human Rights, and 42 U.S.C. § 241 by failing to adhere to the proper procedures of CoreCivic's Grievance Program. He also alleges that Defendant Crowder is deliberately rating his work performance as poor in order to avoid giving him a raise, and that other irregularities exist with his work pay.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Patterson is a prisoner proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A

2

complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Courts employ a two-step procedure to determine whether a complaint's allegations cross the plausibility threshold. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

A.   Analysis

Patterson asserts that his claims arise under the United States Constitution, the Universal Declaration of Human Rights, and 42 U.S.C. § 241, claiming deprivation of due process in the grievance program, violation of his rights to equal pay and dignity, and conspiracy to violate these rights. (Doc. 2 at 3.)

As a preliminary matter, the Universal Declaration of Human Rights ("Declaration") does not provide a right of action in this Court. The United States

Supreme Court has found that "the Declaration does not of its own force impose obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). The Declaration "cannot by itself support creation of a cause of action." *Sosa*, 542 U.S. at 734. Consequently, alleged violations of the Declaration are not legally cognizable, and Patterson's claims under the Declaration fail to state a claim upon which relief may be granted.

Likewise, Patterson's arguments under 42 U.S.C. § 241 prove unavailing, as that statute deals with research in the Public Health Service and is irrelevant to Patterson's claims.

1. **Grievance procedure**

Patterson alleges generally that Defendants failed to comply with their obligations under CoreCivic's grievance procedure. Patterson fails to state a claim regarding the grievance procedure for two reasons: he fails to allege sufficient facts to show that Defendants violated his rights, and he fails to show that his rights would be violated by Defendants' failure to answer grievances.

Patterson alleges no facts against Bludworth and Michael, other than that they failed to respond to grievances. (Doc. 2 at 4.) Patterson does not identify to which grievances they should have responded or when those grievances were filed. In addition, the relevant grievance procedures in MSP 3.3.3(F)(4) and (H)(5) both contemplate that prisoners might not always receive timely responses, and provides

a procedure for prisoners to elevate the issue to the next level if they do not receive a response. Patterson does not allege that he followed this procedure, so it is not even clear that Bludworth and Michael had an opportunity to respond. Simply put, Patterson fails to allege sufficient facts against Bludworth and Michael. These Defendants should be dismissed on these grounds alone.

Patterson alleges that Defendant Crowder failed to respond to his grievances and that Defendant Crowder slandered him in her responses. (Doc. 2 at 3 and 5.) As to Defendants Crowder, Bludworth, and Michael, Patterson holds a mistaken assumption that failure to answer a grievance is a constitutional violation. "It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). Prisoners lack a separate constitutional entitlement, however, to a specific prison grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Mann*, 855 F.2d at 640 (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"). Hence, a prison grievance procedure does not give rise to a protected liberty

interest requiring the procedural protections as envisioned by the Fourteenth Amendment.

In addition, the violation of a prison policy, such as a grievance procedure, is not in and of itself actionable under § 1983. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995) (holding that no constitutionally protected liberty interest exists in prison regulations phrased in mandatory terms); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989) (discussing prison's failure to meet guidelines or follow regulations "would not alone constitute a denial of due process") (dictum). Although a liberty interest can arise from state law or prison regulations, *see Meachum v. Fano*, 427 U.S. 215, 223-27 (1976), due process protections are implicated only if a plaintiff alleges facts to show that defendants engaged in the following conduct: (1) restrained the plaintiff's freedom in a manner not expected from his sentence; and (2) "impose[d] atypical and significant hardship on [the plaintiff] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

Patterson pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how this allegedly inadequate review resulted in "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483–84.

Patterson's allegations do not state a claim under § 1983 and therefore should be dismissed.

### 2. Claims relating to employment

Patterson's claims against Crowder allege that she failed to give him a raise, did not respond to Patterson's request to change her critical language about him, messed with his work schedule, and did not pay him all that he was owed. (Doc. 2 at 4.) In allegations regarding his raise, he states that Crowder deliberately rated him down in work performance in order to avoid giving him a raise. Patterson argues that the work performance rating is key to a raise. He does not allege that there was a reason he was entitled to a raise that he did not get, and, therefore, he does not state a claim upon which relief can be granted.

Patterson relies on the Declaration to support these claims, and, as stated above, claims under the Declaration are not actionable in federal court. Even considered under the United States Constitution, however, Patterson's allegations fail to state a cognizable claim. No constitutional right exists to a prison job, or its benefits, including pay. "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam); and citing *Baumann v. Ariz. Dep't of Corr.*,

754 F.2d 841, 846 (9th Cir. 1985)); *Vignolo v. Miller,* 120 F.3d 1075 (9th Cir. 1997)).

The Eighth Amendment's protection of prisoners does not extend to prisoners' jobs or pay. "Under the Eighth Amendment, [p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety . . . . A prison job, however, is not a basic human need and the loss thereof does not give rise to an Eighth Amendment violation." *Montecastro v. Newsome*, 2021 WL 1143437, at *2–4 (E.D. Cal. Mar. 25, 2021) (discussing cases and quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). Patterson has no constitutional right to educational, vocational, or rehabilitative programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348, (1981) (holding that deprivation of job and educational opportunities did not amount to an Eighth Amendment violation).

Patterson does not complain that Defendants have denied him basic necessities or have failed to provide him with a minimal civilized measure of life's necessities while incarcerated. Patterson instead complains about his work schedule changes, that others are paid more, and that he believes he is entitled to a raise in pay. Neither the Due Process Clause in the Fourteenth Amendment nor the Eighth Amendment protects him from the vagaries associated with this prison job.

3. **Slander**

Patterson also asserts that negative comments written by prison staff in grievance responses and reviews are slander and defamation of character. (Doc. 2 at 3.) As to his slander allegation, Patterson asserts a state law tort claim, and not a cognizable claim under 42 U.S.C. § 1983. Because this Court determines that Patterson's Complaint fails to state a federal claim, it declines to exercise its supplemental jurisdiction over Patterson's state law claim. 28 U.S.C. § 1367(c).

### III. CONCLUSION

Federal law at 28 U.S.C. §§ 1915 and 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Patterson's Complaint fails to state a claim upon which relief may be granted and will be dismissed. As Patterson's claims arise out of the prison's grievance procedure and his prison employment, neither of which vests constitutional rights in Patterson, the Court determines that permitting Patterson to amend his Complaint would be futile.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Patterson's Complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim.

2. Without any further pending federal matter, the Court declines supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 11th day of May, 2021.

_____
Brian Morris, Chief District Judge
United States District Court